UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JENNIFER CAVITT,

    Plaintiff,

v.                                                  Case No: 5:20-cv-29-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff appeals the administrative decision denying her application for supplemental security income. Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **affirmed.**

## I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On December 22, 2015, Plaintiff protectively filed an application for supplemental security income, alleging she became unable to work beginning October 1, 2015 (Tr. 64, 160- 68). After the Social Security Administration (agency) denied the application initially and on reconsideration (Tr. 81-83, 88-92), Plaintiff had a hearing before an ALJ (Tr. 33-54). On December 5, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act (Act) (Tr. 12-32). Plaintiff requested administrative review of the ALJ's decision (Tr. 157-59), but the agency's Appeals Council denied her request (Tr. 1-6). Plaintiff then timely filed this action, which is ripe for judicial review under 42 U.S.C. § 1383(c)(3), which incorporates by reference 42 U.S.C. § 405(g).

(Doc. 27, p. 2).

At the time of the ALJ's decision, Plaintiff was 44 years old. (Tr. 36). She has a ninth-grade education and minimal work experience. (Tr. 25, 37). Based on a review of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some limitations. (Tr. 18). The ALJ found that the plaintiff

> can never climb ladders, ropes, and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. The claimant can frequently (as opposed to constantly) handle or finger with her bilateral upper extremities. The claimant must avoid concentrated exposure to extreme cold, vibration and workplace hazards.

(Tr. 18).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing work that exists in significant numbers in the national economy, such as the jobs of call out operator, telephone order clerk, and lens inserter. (Tr. 26). Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. 27).

**II.    STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at

step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

Plaintiff raises two issues on appeal: (1) that the ALJ failed to properly consider Plaintiff's credibility and subjective complaints; and (2) that the ALJ's RFC and hypothetical to the vocational expert is unsupported by substantial evidence.

**A. The ALJ properly evaluated Plaintiff's subjective complaints**

First, Plaintiff claims that the ALJ incorrectly concluded that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record." (Tr. 24).

When an ALJ finds that Plaintiff has an impairment that could reasonably be expected to produce her alleged symptoms, then the ALJ must evaluate the intensity and persistence of his alleged symptoms and their effect on his ability to work. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). In evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of his symptoms, the ALJ considers all the evidence, objective and subjective. *See* 20 C.F.R. § 404.1529. The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(3), (4). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Here, there is no dispute that Plaintiff has an impairment that can reasonably be expected to cause limitations. Indeed, that is what the ALJ found. (Tr. 24). However, after making that finding the ALJ properly evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms based on the record as a whole. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002). In performing this evaluation, The ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record." (Tr. 24). *See* 20 C.F.R. § 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in

relation to the objective medical evidence and other evidence."). Specifically, the ALJ noted that the plaintiff's statements were inconsistent because she has a driver's license, her carpal tunnel release generated improvement, she was not taking any pain medication, and the record does not contain a walker prescription. (Tr. 24).

The ALJ properly considered the plaintiff's ability to drive short distances in evaluating her subjective complaints. (Tr. 24). *See* 20 C.F.R. § 416.929(c)(3)(i) (listing daily activities as a relevant consideration in evaluating intensity and persistence of symptoms and determining extent to which symptoms limit capacity for work). Although the plaintiff addressed her ability to drive at the hearing and testified that it took her an hour and 45 minutes to arrive at the hearing and had to stop four times, having to wait about 5 to 10 minutes each time due to her back pain. (Tr. 37-38). The ALJ accounted for this by specifying the plaintiff could drive short distances.

The ALJ also properly considered the plaintiff's recent carpal tunnel release on her right hand, which generated improvement. (Tr. 24). *See* 20 C.F.R. § 416.929(c)(3)(ii) ("Treatment, other than medication, you receive or have received for relief of your pain or other symptoms"). Plaintiff testified that since the release, she is able to use her hand a little more. (Tr. 42). Additionally, the ALJ noted that at the time of the hearing, the plaintiff was not taking any prescriptive pain medications or any medications for nerve pain. (Tr. 24). *See Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 873 (11th Cir. 2016) (*"*ALJs are permitted to consider the type of treatment a claimant received in assessing the credibility of [a claimant's] subjective complaints.").

Plaintiff claims that the ALJ ignored the possible reasons why she was not taking pain medications, including that they were not working for her and problems with insurance and

not being able to afford medication. However, the ALJ specifically asked the plaintiff if she was currently taking any medication, and the plaintiff noted that she was prescribed oxycodone after her carpal tunnel release but was no longer taking it. (Tr. 48-49). Even if Plaintiff's assertions about the possible reasons she was not taking medication are true, the ALJ still provided explicit and adequate reasons, based on substantial evidence, for discrediting Plaintiff's subjective complaints.

The ALJ also properly considered that the record did not contain any prescription for Plaintiff to use a walker. Social Security Ruling 96-9p addresses the agency's process when there is a medically required hand-held assistive device. Specifically, in order for a hand-held assistive device to be found medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, *7. As the ALJ notes, although Plaintiff claimed to have been prescribed a walker by her podiatrist, the record does not contain a prescription for a walker or other handheld device.

The ALJ ultimately found that Plaintiff had significant limitations which restricted her to sedentary work with some restrictions. (Tr. 18). The ALJ's RFC is more restrictive than the opinion of a state agency medical consultant who opined that Plaintiff was capable of light exertional work. (Tr. 25). The ALJ considered Plaintiff's subjective complaints to the extent that they were consistent with the medical evidence when concluding Plaintiff could do less than the full range of sedentary work. (Tr.18, 24-25).

The ALJ weighed the evidence, resolved material inconsistencies, and determined the case accordingly. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). "Even if the evidence preponderates against the [Commissioner's] factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The ALJ considered the objective evidence, Plaintiff's testimony, treatment, and daily activities in reaching the conclusion that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record.

The ALJ also properly considered the third-party statement made by Plaintiff's boyfriend David Hogestyn. The ALJ discussed the statement and accorded it "little weight" because it was inconsistent with the medical evidence of record and there is no indication that Mr. Hogestyn is "medically trained to make exacting observations as to dates, frequencies, types, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms." (Tr. 25). The ALJ also noted that by the virtue of the relationship with the plaintiff, Mr. Hogestyn could not be "considered a disinterested third party whose report would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the [plaintiff] alleges." (Tr. 25). The ALJ provided sufficient reasoning for giving Mr. Hogestyn's opinion little weight. *See McCloud v. Barnhart*, 166 F. App'x 410, 417 (11th Cir. 2006) (finding any error in excluding claimant's spouse's testimony harmless and noting that the ALJ had properly discounted Plaintiff's subjective complaints and the evidence supported the ALJ's decision).

**B. The ALJ's RFC and hypothetical to the vocational expert is supported by substantial evidence**

Next, Plaintiff claims that the ALJ's RFC and hypothetical to the vocational expert did not adequately reflect her limitations. Plaintiff's argument on this point is premised on the assumption that the ALJ assigned an RFC to Plaintiff that failed to include the limitations in Plaintiff's subjective complaints.

An ALJ may rely on the VE's testimony to establish nondisability provided that the hypothetical questions posed to the VE "comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). While the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

As discussed above, the ALJ's decision considered Plaintiff's condition as a whole and substantial evidence supports the ALJ's findings regarding Plaintiff's RFC and the decision to discredit her subjective complaints. The ALJ's hypothetical question to the VE included all of the restrictions accepted as credible by the ALJ and included in the RFC. (Tr. 18, 51). The ALJ was not required to include in the hypothetical any additional limitations because the RFC is supported by substantial evidence.

Plaintiff also claims that the ALJ erred by not providing a "function-by-function" assessment to explain the RFC about non-exertional impairments and how they affected the plaintiff's ability to perform work related functions. Social Security Ruling 96–8p requires that the ALJ consider all the evidence and assess the plaintiff's ability to do work-related activities, including the plaintiff's non-exertional capacity. SSR 96-8P (S.S.A. July 2, 1996).

> Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength. . . . It assesses an individual's abilities to perform physical activities such as postural (e.g., stooping, climbing),

> manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding and remembering instructions and responding appropriately to supervision). In addition to these activities, it also considers the ability to tolerate various environmental factors (e.g., tolerance of temperature extremes).

*Id.*

Here, the ALJ's RFC assessment (which is identical to the hypothetical posed to the vocational expert) properly stated the plaintiff's non-exertional limitations on a function by function basis. The ALJ found that the plaintiff

> can never climb ladders, ropes, and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. The claimant can frequently (as opposed to constantly) handle or finger with her bilateral upper extremities. The claimant must avoid concentrated exposure to extreme cold, vibration and workplace hazards.

(Tr. 18, 51).

Based upon a review of the record, the court finds that substantial evidence supports the ALJ's findings, the RFC determination, and the conclusion that the Plaintiff was not disabled. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it."). The ALJ properly considered all of the relevant evidence in arriving at the RFC determination and providing a function-by function analysis of plaintiff's non-exertional capacity. *Freeman v. Barnhart*, 220 F. App'x 957, 960 (11th Cir. 2007) ("While the ALJ could have been more specific and explicit in his findings, he did consider all of the evidence and found that it did not support the level of disability [the plaintiff] claimed.").

## IV. CONCLUSION

For the reasons stated above, the ALJ'S decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

The **Clerk is directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on March 5, 2021.

*[signature]*
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties